IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| | § | |
| vs. | § | CR. NO. C-99-106 |
| | § | |
| | § | |
| BOYD WILLIAM LYCKMAN | § | |

**NOTICE OF CRIMINAL CONTEMPT PROCEEDING
AND ORDER TO SHOW CAUSE**

Pursuant to Rule 42 of the Federal Rules of Criminal Procedure and 18 U.S.C. § 401, the Court enters this Notice of Criminal Contempt Proceeding and Orders Defendant Boyd William Lyckman to appear and show cause at the date and time set forth below why he should not be held in criminal contempt, and for cause states the following:

**Background**

On May 24, 1999, defendant Boyd William Lyckman ("Lyckman") pled guilty to three counts of producing, distributing and receiving pictures of minors engaged in sexually explicit conduct which had been transported in interstate commerce in violation of 18 U.S.C. § 2252(a)(2) and (b)(1) (D.E. 11). On August 13, 1999, Lyckman was sentenced to 95 months in the Bureau of Prisons ("BOP"), to be followed by a three year supervised release term ("SRT") (D.E. 19).

Prior to his scheduled April 10, 2006 release date from the BOP, Lyckman was contacted by U.S. probation officer Sheila Johnson. Ms. Johnson asked Lyckman about his SRT plan. Mr.

Lyckman indicated that he had no SRT plan.

By Notice of Setting entered March 24, 2006 (D.E. 75), Lyckman was ordered to appear before this Court on April 11, 2006, at 1:15 p.m. for a hearing on a motion to modify the conditions of his release. Specifically, the Order was styled as a "Notice to Appear," addressed to Lyckman, the Assistant United States Attorney, United States Marshal, and the United States Probation Office, and provided:

**YOU ARE ORDERED TO APPEAR ON: <u>APRIL 11, 2006</u> at <u>1:15 P.M.</u>, before**:
>  **U.S. District Judge JANIS GRAHAM JACK**
>  **United States Courthouse**
>  **3rd Floor Courtroom #319-A**
>  **1133 North Shoreline Blvd.**
>  **Corpus Christi, Texas 78401**

**TO ATTEND THE FOLLOWING PROCEEDING:**

**HEARING ON MOTION TO MODIFY CONDITIONS OF RELEASE**

*BY ORDER OF THE COURT*

D.E. 75.

On March 29, 2006, Lyckman filed a "motion to stay the execution of compelled performance under duress" (D.E. 78), in which he asked that the April 11, 2006 modification hearing be cancelled. In that motion, Lyckman argued that Sheila Johnson was attempting to circumvent the original judgment and commitment order and that she had an "agenda" against him. <u>Id.</u> He also stated that he could establish himself in the community without the assistance of Ms. Johnson. <u>Id.</u>

On April 4, 2006, the Court denied Lyckman's motion to stay, and again ordered Lyckman to appear at the April 11, 2006 hearing (D.E. 79).

Specifically, after denying the motion to stay, the Court reiterated:

> Defendant is ordered to appear for hearing on Tuesday, April 11, 2006, at 1:15 p.m. before the undersigned at the United States District Courthouse, 1133 North Shoreline Boulevard, Corpus Christi, Texas.

D.E. 79.

On April 11, 2006, the U.S. Probation Office filed a superseding petition recommending that Lyckman's probation be revoked for noncompliance of the terms of his SRT. See D.E. 81. In particular, the petition described the following two violations:

> **1.   Failure to Follow Probation Officer's Instructions**
> On March 13, 2006, Assistant Deputy Chief U.S. Probation Officer Sheila Johnson instructed Boyd William Lyckman to appear in Court for a Modification hearing before the Honorable Janis Graham Jack, on April 11, 2006, at 1:15 p.m. On April 11, 2006, at 1:15 p.m., Boyd William Lyckman failed to follow Assistant Deputy Chief U.S. Probation Officer Sheila Johnson's instructions as evidenced by his failure to appear in Court as instructed.
>
> **2.   Law Violation – Failure to appear**
>
> On or about April 11, 2006, at 1:15 p.m. or 3:00 p.m., Boyd William Lyckman did knowingly and willfully fail to appear before the Honorable Janis Graham Jack, U.S. District Judge, Southern District of Texas, Corpus Christi Division, for a Modification Hearing, in Case No. 2:99CR00106-001, entitled United States of America vs. Boyd William Lyckman, in violation of Title 18, United States Code, Section 3146(a)(1).

D.E. 81.

Lyckman arrived at Court on April 11, 2006 at 4:25 p.m. He was permitted to meet with his defense counsel, Jason Libby, and then scheduled to appear before the magistrate judge the following day.

## Discussion

"The power to punish for contempts is inherent in all courts. Its

existence is essential to the preservation of order in judicial proceedings, and to the enforcement of the judgments, orders, and writs of the courts; and consequently to the due administration of justice." In re Hipp, Inc., 895 F.2d 1503, 1512 (5th Cir. 1990) (quoting Ex parte Robinson, 86 U.S. 505, 510 (1873)). A contempt proceeding "is characterized as either civil or criminal depending on its primary purpose." FDIC v. LeGrand, 43 F.3d 163, 168 (5th Cir. 1995); Lamar Financial Corp. v. Adams, 918 F.2d 564, 566 (5th Cir. 1990). Where, as here, "the primary purpose is to punish the contemnor and vindicate the authority of the court, the order is viewed as criminal." LeGrand, 43 F.3d at 168.

The procedure for criminal contempt proceedings is governed by Federal Rule of Criminal Procedure 42(a), which provides that "[a]ny person who commits criminal contempt may be punished for that contempt after prosecution on notice." The notice must "state the time and place of hearing, allowing a reasonable time for the preparation of the defense, and shall state the essential facts constituting the criminal contempt charged and describe it as such." American Airlines, Inc. v. Allied Pilots Ass'n, 968 F.2d 523, 530 (5th Cir. 1992); Fed. R. Crim. P. 42(a)(1)(A)-(C). Because "the judge may not prosecute the contempt and at the same time act as Judge," the court must also appoint an attorney for the government to prosecute the contempt. American Airlines, 968 F.2d at 531; In re Davidson, 908 F.2d 1249, 1251 (5th Cir. 1990); Fed. R. Crim. P. 42(a)(2).

18 U.S.C. § 401 provides that federal courts may "punish by fine or imprisonment, or both, at its discretion, such contempt of its authority" including "[d]isobedience or resistance to its lawful writ,

process, order, rule, decree, or command." Id. at § 401(3).  The elements of a violation of § 401(3) of the criminal contempt statute "are: (1) a reasonably specific order; (2) violation of the order; and (3) the willful intent to violate the order." United States v. Landerman, 109 F.3d 1053, 1068 (5th Cir. 1997); In re Hipp, Inc., 5 F.3d 109, 112 (5th Cir. 1993); Cooper v. Texaco, 961 F.2d 71, 72 n.3 (5th Cir. 1992).  "Determining whether an order is specific requires a factual inquiry into the reasonableness of the order's specificity, given the context in which it was issued." Hipp, 5 F.3d at 112; United States v. Revie, 834 F.2d 1198, 1201 (5th Cir. 1987).  Any ambiguity in the order, however, "must be resolved in favor of the defendant." Cooper, 961 F.2d at 72 (citing United States v. O'Quinn, 913 F.2d 221, 222 (5th Cir. 1990)).

At a criminal contempt hearing, the defendant is entitled to all the usual protections of a criminal trial.  "As in any other criminal case, proof of guilt beyond reasonable doubt is required." In re Stewart, 571 F.2d 958, 965 (5th Cir. 1978) (citing United States v. Barnette, 546 F.2d 187 (5th Cir. 1977)).  "A defendant charged with [criminal contempt] enjoys the presumption of innocence, . . . cannot be compelled to testify against himself, . . . [and] has the right to counsel." Hipp, 895 F.2d at 1509.  "If a sentence to confinement in excess of six months is to be imposed, there is a Sixth Amendment right to trial by jury." Id. at 1509-10 (citing Codispoti v. Pennsylvania, 418 U.S. 506 (1974)).  Where, however, the defendant is "given pre-trial assurance[s] that no sentence in excess of six months imprisonment would be imposed, [he has] no right to jury trial under the Sixth Amendment." Nat'l Maritime Union v. Aquaslide 'N Dive Corp., 737 F.2d 1395, 1400

5

(5th Cir. 1984); Frank v. United States, 395 U.S. 147, 150 (1969) (stating that "this Court has held that sentences for criminal contempt of up to six months may constitutionally be imposed without a jury trial") see also United States v. Martinez, 686 F.2d 334, 340 (5th Cir. 1982) (affirming a district court's denial of a jury trial in a criminal contempt action where the district court "stat[ed] that it would not impose a sentence in excess of six months").[1]

In this case, Lyckman was specifically ordered twice to appear on April 11, 2006 at 1:15 p.m. at the U.S. Courthouse in Corpus Christi, Texas for the modification hearing. See D.E. 75, 79. He failed to do so, and his actions require that he be made to appear and show cause why he should not be held in contempt.

Thus, for the reasons stated above, IT IS HEREBY ORDERED that:

1. The Court shall conduct a criminal contempt hearing regarding Mr. Lyckman on Thursday, July 13, 2006, at 1:15 p.m.;

2. The Court APPOINTS Jason Libby to represent and defend Mr. Lyckman at the hearing and assist him in preparing a defense;

3. The Court APPOINTS Jon Muschenheim to represent the United

---

[1] 18 U.S.C. § 3691 provides a *statutory* right to a jury trial in cases where the allegedly-contemptuous conduct also constitutes a crime. Section 3691 does not apply, however, "to contempts committed in disobedience of any lawful writ, . . . [or] order . . . entered in any suit or action brought or prosecuted in the name of, or on behalf of, the United States." Id. Because the Defendant in this case is alleged to have violated an order entered in an action prosecuted by the United States, the Defendant has no statutory right to a jury trial. Frank, 395 U.S. at 150 n.1 (noting "an exception to [the statutory jury] rule for cases involving disobedience of any court order entered in any suit or action brought or prosecuted in the name of, or on behalf of, the United States"); United States v. Gedraitis, 690 F.2d 351, 353-54 (3d Cir. 1982) (same); James v. United States, 275 F.2d 332, 336 (8th Cir. 1960) (noting that the "clear language of the statute" exempts from the jury requirement contempt proceedings based on "disobedience of an order entered in an action prosecuted in the name of the United States").

>   States and to prosecute the contempt charge against Mr. Lyckman; and

4.  The contempt trial will be a trial before the Court without a jury and the Court will not consider a sentence against Mr. Lyckman in excess of six months.

SIGNED and ENTERED this 14th day of June, 2006.

_____
Janis Graham Jack
United States District Judge