```
            IN THE UNITED STATES DISTRICT COURT
            FOR THE SOUTHERN DISTRICT OF TEXAS
                   CORPUS CHRISTI DIVISION
```

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| | § | |
| vs. | § | CR. NO. C-99-106 |
| | § | |
| | § | |
| BOYD WILLIAM LYCKMAN, | § | |
| | § | |
| Defendant. | § | |
| | § | |

**FINAL JUDGMENT OF CONTEMPT AND ORDER OF COMMITMENT**

On July 13, 2006, the Court held a criminal contempt hearing in the above-styled case. After considering all the evidence presented, as well as the arguments of counsel, the Court finds Defendant GUILTY of criminal contempt under 18 U.S.C. § 401(3).

### I.   PROCEDURAL HISTORY

This is a criminal contempt proceeding initiated by the Court against Defendant Boyd William Lyckman ("Defendant") pursuant to 18 U.S.C. § 401(3). On June 14, 2006, this Court entered a "Notice of Criminal Contempt Proceeding and Order to Show Cause." (D.E. 88.) In accordance with Federal Rule of Criminal Procedure 42(a), the Notice of Criminal Contempt set out the essential facts constituting the charge of criminal contempt and set a contempt hearing for July 13, 2006. (Id. at p. 1-3, 6.) The Notice of Criminal Contempt also appointed Jason Libby to represent the Defendant and appointed Jon Muschenheim to represent the United States and prosecute the criminal contempt charge. (Id. at p. 5-6.) The Court noted that the contempt charge would be tried before

the Court without a jury and that, if the Defendant was found guilty, the Court would not consider a sentence against him in excess of six months.  (Id. at p. 6.)  In accordance with the Notice of Criminal Contempt, the Court held a bench trial and heard evidence in the case on Thursday, July 13, 2006, at 1:15 p.m.

**II.   DISCUSSION**

    **A.   Criminal Contempt Standard**

18 U.S.C. § 401 provides that "[a] court of the United States shall have power to punish by fine or imprisonment, or both, at its discretion, such contempt of its authority, and none other, as--

    (1)  Misbehavior of any person in its presence or so near thereto as to obstruct the administration of justice;
    (2)  Misbehavior of any of its officers in their official transactions;
    (3)  Disobedience or resistance to its lawful writ, process, order, rule, decree, or command.

18 U.S.C. § 401.  The elements of a violation of § 401(3) "are: (1) a reasonably specific order; (2) violation of the order; and (3) the willful intent to violate the order."  United States v. Landerman, 109 F.3d 1053, 1068 (5th Cir. 1997); In re Hipp, Inc., 5 F.3d 109, 112 (5th Cir. 1993); Cooper v. Texaco, 961 F.2d 71, 72 n.3 (5th Cir. 1992).  "Determining whether an order is specific requires a factual inquiry into the reasonableness of the order's specificity, given the context in which it was issued."  Hipp, 5 F.3d at 112; United States v. Revie, 834 F.2d 1198, 1201 (5th Cir. 1987).  Any ambiguity in the order, however, "must be resolved in

favor of the defendant." Cooper, 961 F.2d at 72 (citing United States v. O'Quinn, 913 F.2d 221, 222 (5th Cir. 1990)).

    **B.   Contempt Finding**

After considering all the evidence presented at the hearing, the Court finds the following facts beyond a reasonable doubt:

1. On May 24, 1999, Defendant pled guilty to three counts of producing, distributing and receiving pictures of minors engaged in sexually explicit conduct which had been transported in interstate commerce in violation of 18 U.S.C. § 2252(a)(2) and (b)(1) (D.E. 11). On August 13, 1999, Lyckman was sentenced to 95 months in the Bureau of Prisons, to be followed by a three year supervised release term.

2. Prior to his scheduled April 10, 2006 release date from the Bureau of Prisons, Defendant was contacted by United States Probation Officer Sheila Johnson. Ms. Johnson asked Defendant about his supervised release term plan. Defendant indicated that he had no plan.

3. On March 24, 2006, this Court entered a Notice of Setting in Criminal Action 99-106, ordering Defendant to appear before the Court on April 11, 2006, at 1:15 p.m. for a hearing on a motion to modify the conditions of his release. The Notice of Setting provided:

> **YOU ARE ORDERED TO APPEAR ON: <u>APRIL 11, 2006</u> at <u>1:15 P.M.</u>, before:**
>
> **U.S. District Judge JANIS GRAHAM JACK**

**United States Courthouse**
**3rd Floor Courtroom #319-A**
**1133 North Shoreline Blvd.**
**Corpus Christi, Texas 78401**

**TO ATTEND THE FOLLOWING PROCEEDING:**

**HEARING ON MOTION TO MODIFY CONDITIONS OF RELEASE**

*BY ORDER OF THE COURT*

   (D.E. 75.)

4. On March 23, 2006, Mr. Robert Smith, Defendant's case manager with the Bureau of Prisons, provided Defendant a copy of the Court's Notice of Setting.  Defendant signed the copy of the Notice of Setting to indicate that he had received it.

5. On March 29, 2006, Defendant filed a "Motion to Stay the Execution of Compelled Performance Under Duress" in which he asked the Court to "dismiss the notice to appear."  (D.E. 78 at ¶ 6.)

6. On April 4, 2006, this Court DENIED Defendant's "Motion to Stay the Execution of Compelled Performance Under Duress" and reiterated that "Defendant is ordered to appear for hearing on Tuesday, April 11, 2006, at 1:15 p.m. before the undersigned at the United States District Courthouse, 1133 North Shoreline Boulevard, Corpus Christi, Texas."  (D.E. 79.)

7. Defendant received notice of this Court's Order denying his "Motion to Stay the Execution of Compelled Performance Under Duress" and knew that he was required to appear before this

      Court on April 11, 2006, at 1:15 p.m.

8. On April 11, 2006, the day of the hearing on the motion to modify the conditions of Defendant's release, the Court continued the hearing until 3:00 p.m. to accommodate Defendant's attorney, Mr. Jason Libby. Defendant, however, failed to appear before the Court, as he had been twice ordered to do, at either the original 1:15 p.m. setting or the later 3:00 p.m. setting.

9. Both the Notice of Setting (D.E. 75) and the Order Denying Defendant's Motion to Stay the Execution of Compelled Performance Under Duress (D.E. 79) are reasonably specific orders and clearly set out that the Defendant's presence was required at a certain place and certain time.

10. Defendant violated the Court's orders by failing to appear before the Court until after 4:00 p.m. on April 11, 2006.

11. Defendant's violation of the Court's orders was done wilfully and was not the result of any misunderstanding, accident, or mistake.

12. Accordingly, the Court finds and adjudges that Defendant is GUILTY of criminal contempt pursuant to 18 U.S.C. § 401(3) for wilful failure to obey the orders of the Court as alleged in the Notice of Contempt Proceeding and Order to Show Cause.

13. Defendant is HEREBY ORDERED committed to the custody of the United States Bureau of Prisons, to be imprisoned for a total term of six (6) months.

SIGNED and ENTERED this 13th day of July, 2006.

_____
Janis Graham Jack
United States District Judge